**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


| | | |
|---|---|---|
| **UNITED STATE, EX REL.** | * | **CIVIL ACTION NO. 07-6592** |
| **ROBYN WILLIAMS, Plaintiff-Relator,** | * | |
| | * | |
| | * | **SECTION: H** |
| **VERSUS** | * | **JUDGE JANE TRICHE MILAZZO** |
| | * | |
| **C. MARTIN COMPANY, INC. LAURA CRAIG,** | * | |
| **MEDLEY JARVIS INDUSTRIES, W. BEN MEDLEY** | * | **MAGISTRATE: 1** |
| **and MICHAEL JARVIS** | * | **MAG. SALLY SHUSHAN** |
| **Defendants** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *


## ORDER AND REASONS

Before the Court is Defendants', Michael Jarvis, W. Ben Medley and Medley Jarvis Industries, Inc. (collectively the "MJ Defendants"), Motion to Dismiss.  (Doc. 57.)

On January 27, 2012 the MJ Defendants filed a Motion to Dismiss.  (Doc. 57.)  Plaintiffs subsequently filed an opposition (Doc. 75) and the MJ Defendants filed a Reply brief (Doc. 76).  Oral argument was heard on the Motion on March 14, 2012.  The Court took this matter under submission.  (Doc. 79.)

1

For the following reasons, Defendants', Michael Jarvis, W. Ben Medley and Medley Jarvis Industries, Inc. (collectively the "MJ Defendants"), Motion to Dismiss (Doc. 57) is hereby **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Court grants MJ Defendants' motion to dismiss Relators claim under 31 U.S.C. § 3729(a)(7).  The Court dismisses this claim without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  The Court denies MJ Defendants' motion to dismiss Relators claims under 31 U.S.C. § 3729(a)(1), (a)(2) and (a)(3).

### BACKGROUND

In the wake of Hurricanes Katrina and Rita, the federal government through the Federal Emergency Management Agency ("FEMA") entered into contracts with various entities to provide federal disaster relief services.  In 2005, Ben Medley ("Medley") and Michael Jarvis ("Jarvis") formed Medley Jarvis Industries, Inc. ("MJI") for the purpose of pursuing federal government contracts. On February 1, 2006 C. Martin Company, Inc. ("CMC") and MJI entered into a Consulting Agreement ("Agreement").   In the Agreement MJI agreed to identify potential government contracts, prepare responses to requests for proposals and provide other services.  In return, MJI was to receive 49% of the profits from any such contracts.  Medley, Jarvis, Craig, CMC and MJI had a working relationship for approximately one year under this Agreement.

Relator, Robyn Williams ("Williams") filed this *qui tam* action on behalf of herself and the United States to recover damages pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729-3733,

2

alleging that Laura Craig, CMC, Shaw Environmental, Inc., Ben Medley, Michael Jarvis and Medley Jarvis Industries, Inc. acted in concert to submit false and fraudulent claims to the United States, as well as conspiring to defraud the Government by getting false or fraudulent claims allowed or paid.  Time was given for the United States to intervene, however it declined to do so.  (Doc. 24.) Subsequently, the suit was unsealed.

The Complaint

In her complaint, Relator Williams alleges that Medley, Jarvis and MJI violated 31 U.S.C. § 3729(a)(1)-(3) and § 3729(a)(7).  Specifically, the MJ Defendants involvement revolves around two separate contracts - the Maintenance and Deactivation Contract ("MD Contract") and the Group Sites Grounds Maintenance Contract.

In November 2005, FEMA published a solicitation for a contract for the maintenance and deactivation of manufactured homes and travel trailers in Texas, Louisiana, Alabama and Mississippi.  The solicitation noted that preference would be given to local firms within the disaster area.  In a subsequent letter, FEMA stated that preference will be given to small business firms located in the State of Louisiana.  Neither CMC nor MJI had business licenses in Louisiana prior to August 29, 2005.  In March, 2006 FEMA awarded CMC a contract for the maintenance and deactivation of approximately 6,700 manufactured homes and travel trailers in Louisiana.  Williams asserts that the preference given to local contractors was a material factor in CMC being awarded the contract.  Williams alleges that the MJ Defendants assisted CMC in misrepresenting its

3

entitlement to be considered a local small business and that the MJI, an out of state company, concealed its relationship with CMC thereby unfairly obtaining a price preference in the award of such contract.   Williams states that the MJ Defendants were aware of and facilitated this misrepresentation.

In May, 2006 FEMA put out a solicitation for a Group Site Grounds Maintenance Contract. The solicitation indicated that the intention was to award several contracts for the maintenance and inspection of group sites in Louisiana.  The solicitation also stated that it was a Service-Disabled Veteran-Owned Small Business ("SDVOB") set-aside.  Although Craig was in the Navy during the Vietnam era, she was not a service-disabled veteran and did not qualify for that designation. Nevertheless, Craig and the MJ Defendants had conversations about bidding for a contract as a SDVOB. The MJ Defendants facilitated conference calls with Shaw wherein Craig represented that she could get certified as an SDVOB and provided the name of a person at the VA who could get her certification.  Williams further states that the MJ Defendants and Craig had running jokes about what would be provided to her in jail if she got caught and that if she did get caught she could claim that she was injured while doing promotional events for the Navy.  Williams alleges that the MJ Defendants were all aware that CMC did not qualify for treatment as a SDVOB, yet facilitated in its false representation as an SDVOB.

Williams lastly asserts that the MJ Defendants were aware that while CMC claimed to have the resources to perform on both contracts, that they did not in fact have such resources.

4

The Arguments of the Parties

The MJ Defendants argue that Williams broad allegations are not sufficient to meet the appropriate pleading standards under the FCA.  They assert that the Complaint does not include any allegations that any of the MJ Defendants (i) presented false claims to the Government or (ii) made false statements or used false records in connection with any false claims to the Government or obligations to pay the Government.  Furthermore, Relator does not allege any unlawful agreement involving the MJ Defendants.  The only agreement entered into between CMC and the MJ Defendants was a "Consulting Agreement," and nothing in the Complaint alleges that this was unlawful or that they shared intent to defraud the Government.  Finally, as to the allegations under § 3729(a)(7), the MJ Defendants assert that the Relator does not make any allegation beyond reciting the words of the statute.

The Relator opposes the MJ Defendants arguments by asserting that the Complaint clearly alleges that the MJ Defendants caused the submission of false claims by CMC.  Relator states that there is nothing unreliable or speculative about her allegations that both contracts were obtained pursuant to fraudulent misrepresentations.  Additionally, Williams notes that the complaint plausibly alleges a claim for conspiracy in that there was an agreement to get false claims allowed or paid by the government.  Williams argues that her allegations meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b).  Ultimately, the complaint adequately describes a scheme to fraudulently obtain specific contracts by misrepresenting CMC and/or Laura

Craig and CMC's ability to perform under the contracts.


**LAW AND ANALYSIS**

Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009).  The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*.  The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57.  If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

<u>The False Claims Act and Rule 9(b)</u>

The False Claims Act prohibits, in relevant part, 1) the presentment of a false claim to the Government; 2) the use of a false record or statement to get a false claim paid, and 3) conspiracies to get a false claim paid.  31 USC § 3729 (a).  Liability for violation includes a liquidated civil penalty and damages.  *Id.*  The act is remedial in nature and is "intended to protect the Treasury against the hungry and unscrupulous host that encompasses it on every side."  *U.S. ex rel. Grubbs v. Kanneganti,* 565 F.3d 180, 184 (5th Cir. 2009)  To aid in the rooting out of fraud, the Act provides for civil suits brought by both the Attorney General and by private persons, termed relators, who serve as a "posse of ad hoc deputies to uncover and prosecute frauds against the government."  *Id.*

A complaint filed under the False Claims Act ("FCA") must meet the heightened pleading standard of Rule 9(b) which provides: "In alleging fraud or mistake., a party must state with particularity the circumstances constituting the fraud or mistake."  Fed.R.Civ.P. 9(b); *see also Tel–Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir.1992).  Rule 9(b) is an exception to Rule 8(a)'s simplified pleading that calls for a "short and plain statement of the claims."  *Grubbs*, 565 F.3d at 185.  The particularity demanded by Rule 9(b) is supplemental to the Supreme Court's recent interpretation of Rule 8(a) requiring "enough facts (taken as true) to state a claim to relief that is plausible on its face."  *Id.*

To plead a false claim, a plaintiff must state the factual basis for the fraudulent claim with

7

particularity, and cannot rely on speculation or conclusional allegations.  *United States ex rel.*

*Rafizadeh V. Continental Common, Inc.* 553 F.3d 869 (5th Cir. 2008).  The linchpin of an FCA claim

is a false claim, thus, "the  time, place and contents of the false representations, as well as the

identity of the person making the misrepresentation and what that person obtained thereby must

be stated in a complaint alleging violation of the FCA in order to satisfy Rule 9(b). *Id.*  In order to

plead  with  particularity  the  circumstances  constituting  fraud  for  a  False  Claims  Act  section

3729(a)(1) claim, a Relator's complaint, if it cannot allege the details of an actually submitted false

claim, may nevertheless survive by alleging particular details of a scheme to submit false claims

paired with reliable indicia that lead to a strong inference that claims were actually submitted.

*United States, ex rel. Grubbs v. Kanneganti,* 565 F.3d 180, 190 (5th Cir. 2009).

31 U.S.C. §3729(a)(1)-(2)

        The FCA makes liable anyone who "knowingly presents or causes to be presented to an

officer or employee of the United State Government . . . a false or fraudulent claim for payment

or approval" and "knowingly makes, uses or causes to be made or used, a false record or statement

to get a false or fraudulent claim paid or approved by the government,"  Former 31 U.S.C.

§3729(a)(1)-(2), current 31 U.S.C. § 3729(a)(1)(A)-(B)

        The FCA requires that false claims be made knowingly.  Thus, a defendant must "(i) have

actual knowledge of the information; (ii) act in deliberate ignorance of the truth or falsity of the

information; or (iii) acts in reckless disregard of the truth or falsity of the information."  21 USC §

8

3729(b)(1)(A).   The FCA's "*mens rea* requirement is not met by mere negligence or gross negligence." *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 338 & n.9 (5th Cir. 2008). "The evidence must demonstrate 'guilty knowledge of a purpose on the part of [the defendant] to cheat the government,' or 'knowledge or guilty intent.'" *U.S. ex rel. Taylor-Vick v. Smith*, 513 F.3d 228, 231 (5th Cir. 2008)(citations omitted).

It is evident that the MJ Defendants never had a contract with the Government or FEMA. This is inconsequential, however, because the FCA "applies to anyone who knowingly assist[s] in causing the government to pay claims grounded in fraud, without regard to whether that person ha[s] direct contractual relations with the government. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 378 (5th Cir. 2004)(internal citations omitted).  "Thus, a person need not be the one who actually submitted the claim forms in order to be liable." *Id. quoting United States v. Mackby*, 261 F.3d 821, 827 (9th Cir.2001).

In order to prevail in its contention of violation of Section 3729(a)(1), Relator must show that the MJ Defendants caused to be presented a claim to the Government, that the claim was false and the action was undertaken knowingly.  Under Section 3729(a)(2), the Relator must show that the MJ Defendants caused to be made or used a false statement to get a false or fraudulent claim paid or approved by the government.  The Court finds that the Relator's Complaint has adequately done this with particularity.

The Complaint clearly sets forth sufficient facts to show that MJ Defendants knew that Craig

was not a service-disabled veteran.  Despite this knowledge, the MJ Defendants assisted Craig in

seeking certification of CMC as a SDVOB.  Additionally, even though CMC was not a Louisiana local

business, they assisted and in putting together bids on contracts portraying CMC as a local business

in order to receive the MD Contract.  These acts were done pursuant to an agreement between the

parties whereby the MJ Defendants would receive 49% of the profits of any government contracts

received.

The Court finds that Relator adequately describes the MJ Defendant's role and participation

and how it profited therefrom.  Moreover, pursuant to Federal Rule of Civil Procedure 9(b), this

Court finds that the Complaint has adequately set forth the who, what, when, where and how of

the alleged fraud.  *See United States ex rel Steury v. Cardinal health, Inc.*, 625 F.3d 262 (5th Cir.

2010).  Ultimately, the factual allegations made in Relator's complaint are more than sufficient to

provide "plausible grounds to infer" that the MJ Defendants knowingly assisted in the submission

of false claims.  *Twombly* at 566.

31 U.S.C. §3729(a)(3)

A person who "conspires to defraud the Government by getting a false or fraudulent claim

allowed or paid" is subject to FCA liability.  31 U.S.C. § 3729(a)(3).  To sustain a conspiracy cause

of action under the FCA, Williams must be able to show (1) the existence of an unlawful agreement

between defendants to get a false or fraudulent claim allowed or paid by the United States and (2)

at least one act performed in furtherance of that agreement. *See United States ex rel. Graves v. ITT*

*Educ. Servs.,* Inc., 284 F.Supp.2d 487, 509 (S.D.Tex.2003).  Moreover, Williams must demonstrate that defendants "shared a specific intent to defraud the [G]overnment." *United States ex rel. Reagan v. E. Tex. Med. Ctr. Reg'l Healthcare Sys.*, 274 F.Supp.2d 824, 857 (S.D.Tex.2003) (quotation and citation omitted). As with § 3729(a)(2), negligence alone cannot satisfy § 3729(a)(3).  *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 343 (5th Cir 2008).

This Court finds that Relator has adequately pled with particularity the conspiracy as well as the overt acts taken in furtherance of the conspiracy.  *See Grubbs*, 565 F.3d at 193.  It is evident that the MJ Defendants and CMC had an agreement whereby the MJ Defendants would substantially profit from any government contract received by CMC and/or Craig.  Additionally, the Complaint explicitly states that the MJ Defendants helped CMC secure both the MD Contract and the Group Sites Ground Maintenance Contract.  Thus, this Court finds that Relator has adequately plead a claim of conspiracy against the MJ Defendants.

31 U.S.C. §3729(a)(7)

Williams alleges that the MJ Defendants violated Section 3729(a)(7) of the FCA, sometimes referred to as a "reverse false claim" action.  This section imposes liability on one who "knowingly makes, uses or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(7).  Under Section 3729(a)(7) there is no improper payment by the government, but rather an improper reduction in the defendant's liability to the government. *United States ex rel. Marcy*

*v. Rowan Companies, Inc.*, 520 F.3d 384, 390 (5th Cir.2008). Thus, a claim can arise under this section only where the defendant owes a payment or obligation to the government and submits a false claim or statement to avoid that payment obligation. *See United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325 (5th Cir.2003). An "obligation" under the FCA means "an obligation sufficiently certain to give rise to an action of debt at common law." *See United States ex rel. Coppock v. Northrop Grumman Corp.*, 2003 WL 21730668, at * 14 (N.D.Tex. July 23, 2003) (Fitzwater, J.) (*quoting Am. Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 190 F.3d 729, 736 (6th Cir.1999)).

Even accepting all well-pleaded factual allegations in the Complaint as true, and viewing them in the light most favorable to Williams, the Court is unable to ascertain any allegations pertaining to an improper reduction in Defendants' liability to the government, or that false statements were made to decrease an obligation. *See Marcy,* 520 F.3d at 390.  As such, the Court finds that Relator has failed to state a claim under Section 3729(a)(7) of the FCA against the MJ Defendants.

## CONCLUSION

For the foregoing reasons Defendants', Michael Jarvis, W. Ben Medley and Medley Jarvis Industries, Inc. (collectively the "MJ Defendants"), Motion to Dismiss (Doc. 57) is hereby **GRANTED IN PART** and **DENIED IN PART**.  Specifically, the Court grants MJ Defendants' motion to dismiss

12

Relators claim under 31 U.S.C. § 3729(a)(7).  The Court dismisses this claim without prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b).  The Court denies MJ Defendants' motion to dismiss Relators claims under 31 U.S.C. § 3729(a)(1), (a)(2) and (a)(3).

Finally, Relator has **TWENTY DAYS** from the date of this order and reasons to move for leave to amend, if she chooses, the complaint as to her Section 3729(a)(7) claims.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**