UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBYN WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07–6592** |
| **C MARTIN COMPANY INC, ET AL** | **SECTION "H"(1)** |

### ORDER AND REASONS

Before the Court is a Motion for Appeal of Magistrate Judge Decision (Doc. 402) denying a Motion to Compel (Doc. 388). For the following reasons, the Motion is GRANTED. The decision of the Magistrate Judge is REVERSED, and the Motion to Compel is GRANTED.

### BACKGROUND

Relator, Robyn Williams, filed this *qui tam* action on behalf of the United States to recover damages under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). The Court has issued several prior orders detailing the facts underlying this action. Familiarity with those orders is assumed and

1

facts not directly relevant to the instant Motion will not be repeated.

Relator asserts claims against two groups of defendants, the Medley Jarvis Defendants ("MJI") and the C. Martin Defendants ("CMC").[1] The claims arise out of two contracts awarded by the Federal Emergency Management Agency ("FEMA") to CMC: the Maintenance and Deactivation Contract ("MD Contract") and the Group Site Maintenance Contract ("GSM Contract"). The claims asserted against MJI and CMC are almost identical. On multiple occasions over the course of this litigation, CMC and MJI have filed Motions and pursued defenses jointly. In several instances these efforts avoided presenting the Court with duplicate filings asserting identical issues. The facts relevant to the instant dispute must be viewed in light of this reality.

On November 14, 2012 CMC filed a *Touhy* request with FEMA seeking numerous documents related to the GSM Contract.[2] On December 4, 2012, MJI filed its own *Touhy* request with FEMA seeking documents related to both contracts. The requests for documents related to the GSM Contract are not at issue. On December 23, 2013 (over one year after the *Touhy* request was filed), FEMA produced twelve documents in response to the *Touhy* request related to the MD Contract. On January 7, 2014, MJI filed a Motion for Sanctions against the United States, arguing that the

---

[1] MJI was dismissed from this suit on May 29, 2014.

[2] The term "*Touhy* request" references to the Supreme Court's decision in *U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). *Touhy* held that a federal agency could validly promulgate regulations prohibiting its employees from testifying in private litigation. *Id*. at 469–70. In the wake of *Touhy* and its progeny, a party seeking discovery from a federal agency must generally file a request pursuant to the agency's *Touhy* regulations.

government should be sanctioned for its failure to preserve and produce the overwhelming majority of documents related to the MD Contract. On February 18, 2014, the Court heard oral argument on the Motion for Sanctions during which the Court expressed amazement at the government's failure to properly preserve the documents related to the MD Contract. On February 27, 2014, while the Motion for Sanctions was under submission, the government notified Defendants and the Court that additional documents responsive to MJI's request had been located. On April 21, 2014 (approximately one month before trial), the United States produced over 26,000 pages of documents related to the MD Contract. The material was produced subject to a protective order entered by the Court. In light of the large number of documents produced by the government, the Court continued the trial. On May 22, 2014, CMC requested a 30(b)(6) deposition of FEMA. The topics to be discussed at the deposition pertained only to the 26,000 pages related to the MD Contract. Shortly after receiving the deposition notice, FEMA notified CMC that it would not be appearing for the deposition in accordance with its *Touhy* regulations. CMC responded with a Motion to Compel. The Court referred the Motion to the Magistrate Judge, who denied the Motion on the grounds that the deposition notice was not timely and would create an undue burden on FEMA. CMC appealed to this Court.

**LEGAL STANDARD**

With the consent of the presiding district judge, a magistrate judge may adjudicate non-dispositive pre-trial motions.  28 U.S.C. § 636(b)(1)(A).  A magistrate judge is afforded broad discretion in resolving such motions.  *McCallon v. BP Am. Prod. Co.*, No. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov. 8, 2006).  A party aggrieved by the magistrate judge's ruling may appeal to the district judge within fourteen days after service of the ruling.  Fed. R. Civ. P. 72(a).  The district judge may reverse only upon a finding that the ruling is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  In order to meet this high standard, the district judge must be "left with a definite and firm conviction that a mistake has been committed."  *Yelton v. PHI, Inc.*, 284 F.R.D. 374, 376 (E.D. La. 2012) (internal quotation marks omitted).

**LAW AND ANALYSIS**

The Court must first consider whether CMC has demonstrated that the decision of the Magistrate Judge should be reversed.  Since the Court concludes that the decision of the Magistrate Judge should be reversed, the Court must next consider the proper result of the Motion to Compel.

    **I.**    **The Decision of the Magistrate Judge Should be Reversed**

The United States asserted two basic arguments in opposition to the Motion to Compel: (1)

that this Court lacked jurisdiction to review FEMA's decision to deny CMC's request for a deposition, and (2) the Court could only overturn the government's decision if CMC proved that the decision was arbitrary and capricious. The Magistrate Judge pretermitted addressing these arguments, finding instead that the discovery sought by CMC was not timely and would create an undue burden on the government. The Court has reviewed the decision and is "left with a definite and firm conviction that a mistake has been committed." *Yelton*, 284 F.R.D. at 376.

Both Relator and the government argue that CMC's request to depose a FEMA representative is untimely. Relator and the United States insist that CMC has no right to depose a FEMA representative because CMC never formally requested any documents related to the MD contract. Additionally, the parties argue that general discovery closed on February 15, 2013[3] and CMC's request was not served until May 22, 2014. Neither argument is persuasive.

MJI requested the documents related to the MD contract on December 4, 2012—*before* the close of discovery. The Court can find no reason why CMC's failure to send a duplicate request on its own behalf is of any importance. As explained earlier, the parties were in a very similar position. Therefore, once MJI requested the documents, CMC should have reasonably expected that it would receive copies of any documents produced to MJI. Accordingly, the fact that CMC never directly requested the relevant documents is of no moment.

---

[3] Discovery as to most issues closed in February of 2013. Discovery related to an arbitration proceeding between CMC and MJI remained open for several months thereafter.

The argument that the deposition request is untimely because discovery is closed is also rejected.  The documents at issue were requested in December of 2012.  However, FEMA lost the relevant documents and was unable to locate them for well over a year.  Indeed, FEMA did not locate the 26,000 pages of documents until after MJI filed a Motion for Sanctions.  As soon as FEMA finally produced the lost documents, CMC requested a deposition based only on the documents.  The United States argues that CMC could have requested a deposition while discovery was still open, but CMC's decision to seek a deposition was based on the contents of the document production.  There is simply no way that CMC could have known in 2013 that documents produced 18 months later would reveal the need for a deposition.  Since the documents relating to the MD Contract were timely requested, and CMC's deposition request mas made promptly after receiving the documents, the Court finds that the deposition request was timely.

Additionally, the Magistrate Judge found that the burden of FEMA's compliance with the deposition notice outweighs the likely benefit of the deposition.  The Magistrate Judge specifically noted that the government would be required to review the 26,000 page document production for privilege, that the deponent would have to review the documents and that the person with the most knowledge of the documents may no longer be an employee of FEMA.  The Court does not agree that the deposition would unduly burden FEMA.  Any concerns regarding privileged information in the document production are significantly reduced, if not eliminated, by the fact

that the parties have entered into a protective order which specifically applies to depositions.[4] Additionally, at a recent status conference, the Court indicated that CMC should revise its deposition notice to specifically identify those documents it wishes to discuss at the deposition. In light of the Court's ruling on the instant Motion, the Court now orders CMC to revise its deposition notice as discussed at the conference in order to reduce the potential burden on FEMA. Therefore, it appears unlikely that a deposition witness will need to review all 26,000 pages of documents. Finally, the documents at issue are not a trivial part of this litigation. Rather, they represent FEMA's records of a contract which Relator claims CMC fraudulently induced FEMA to award. Accordingly, the Court is convinced that any burden on the United States is outweighed by CMC's need to fully explore the importance of these documents.

In light of the foregoing analysis, the Court finds that the decision of the Magistrate Judge must be reversed.

## II.     The Motion to Compel

Having set aside the decision of the Magistrate Judge, the Court now considers the Motion to Compel. The United States presents three arguments: (1) the Court lacks jurisdiction to consider the Motion; (2) if the Court considers the Motion, it must evaluate FEMA's refusal to sit for the deposition under the Administrative Procedures Act, 5 U.S.C. § 706 ("APA"); and, (3) FEMA's

---

[4] The protective order also contains a clawback provision which permits FEMA to recover any documents found to contain privileged information.

decision declining to sit for the deposition should not be reversed by this Court.

**A. This Court's Jurisdiction**

The United States first argues that this Court lacks jurisdiction to review FEMA's decision to deny CMC's request for a deposition. Specifically, the government invokes the doctrine of sovereign immunity. It is well settled that the United States, as sovereign, enjoys immunity from suit without its consent. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Accordingly, this Court lacks jurisdiction to order the United States to comply with the deposition subpoena unless the government has consented to this proceeding. The government concedes that it has consented to suits brought by persons "adversely affected or aggrieved by agency action" and that CMC is such a person. 5 U.S.C. § 702. However, the government argues that CMC's only remedy is to bring an independent suit under the APA[5]. The Court disagrees.

It appears that the Fifth Circuit has not yet directly addressed whether a subpoena issued to a federal agency may be enforced in the proceeding from which the subpoena originated. *See Beckett v. Serpas*, No. 12–910, 2013 WL 796067 (E.D. La. Mar. 4, 2013) (noting that the Fifth Circuit had not addressed the issue). However, at least one other section of this Court has examined the issue in detail. In *In re Vioxx Products Liability Litigation*, the plaintiffs of a private lawsuit subpoenaed an FDA employee to appear for a deposition. 235 F.R.D. 334, 335 (E.D. La. 2006). The

---

[5] The APA permits persons aggrieved by agency action to bring a suit against the United States in federal court in order to obtain judicial review of the challenged action.

United States refused to permit the employee to testify and moved to quash the subpoena. *Id*. The plaintiffs cross-moved to compel the deposition. *Id*. The United States asserted in *Vioxx* the exact same sovereign immunity argument it asserts in the instant matter. The *Vioxx* court held that the plaintiffs could properly compel compliance with a subpoena issued by a federal court within the proceeding from which the subpoena initiated. *Id*. at 343. In reaching this conclusion, the court noted that "nearly every court faced with this issue has determined that sovereign immunity does not insulate a federal agency from complying with a Rule 45 subpoena." *Id*. (collecting cases). The Court finds the reasoning of *Vioxx* and the cases cited therein persuasive. Accordingly, this Court finds that it has jurisdiction to compel FEMA's compliance with CMC's subpoena.

### B. Standard of Review

The United States argues that, if this Court exercises jurisdiction, it may only review FEMA's decision not to comply with the subpoena under the APA's arbitrary and capricious standard. *See* 5 U.S.C. § 706. There is a split among federal courts regarding the proper standard of review of a federal agency's refusal to comply with a subpoena. *See In re Vioxx*, 235 F.R.D. at 344 (noting dispute). However, the Court need not resolve this dispute today because it finds that FEMA's decision should be reversed even under the arbitrary and capricious standard.

### C. FEMA's Decision Not to Comply with the Subpoena

When reviewing an agency decision under the APA, the Court begins with the "presumption that the agency's decision is valid, and the [party challenging the decision] has the

9

burden to overcome that presumption by showing that the decision was erroneous." *Tex. Clinical Labs, Inc. v. Sebelius*, 612 F.3d 771, 775 (5th Cir. 2010). The challenging party can meet this burden by showing that the decision "is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence." *Buffalo Marine Servs. Inc. v. U.S.*, 663 F.3d 750, 753 (5th Cir. 2011). While the agency's factual findings are reviewed under the arbitrary and capricious standard, legal conclusions are reviewed *de novo*.[6] *Id*.

FEMA offers three reasons in support of its decision: (1) the deposition testimony sought by CMC may include confidential or otherwise privileged information; (2) compliance with the subpoena is inappropriate because discovery is closed; (3) compliance with the subpoena would be unduly burdensome. None of the proffered reasons justify FEMA's refusal to submit to the deposition.

First, FEMA's concern that the information sought in the deposition may include confidential or privileged information is mostly, if not completely, alleviated by the fact that the parties have entered into a protective order. This order was entered prior to FEMA's production of the 26,000 pages at issue and specifically pertains to the document production and any depositions related thereto. The order specifically prevents any of the parties from disclosing protected information revealed in a deposition and also includes a provision which permits the

---

[6] There is a single exception to the *de novo* review of legal conclusions where the agency is construing the statute that it administers. *Id*. This exception is not applicable to the instant matter.

10

United States to recover any documents later discovered to contain privileged information.  FEMA contends that it did not review the documents prior to production and the documents may well contain protected information which it would otherwise decline to reveal in a deposition.  However, CMC has had possession of the documents since April 21, 2014.   Therefore, any confidential information which may have been at risk has already been disclosed, albeit subject to the protective order.  Accordingly, FEMA's argument that the deposition might reveal protected information does not justify its refusal to submit to the deposition.

FEMA next argues that discovery in this matter is closed and that the deposition request is therefore untimely.  As explained in detail *supra*, CMC was unable to assert its deposition request during discovery because it took FEMA nearly 18 months to locate the responsive documents. Accordingly, the blame for the late request lies with FEMA, not CMC.

Finally, FEMA argues that submitting to a deposition would be unduly burdensome.  In asserting this argument, FEMA emphasizes that the United States is not a party to this case.  While it is technically true that the United States is not a party to a FCA case in which it declines to intervene, it is beyond dispute that the United States is the real party in interest in this matter. The FCA provides that the government is entitled to at least 75% of the proceeds of this action.  31 U.S.C. § 3730(d).  Accordingly, the United States, and therefore FEMA, is not a disinterested third-party.

FEMA also argues that it would have to expend considerable time and resources reviewing

11

the 26,000 page production prior to any deposition. However, the Court has ordered CMC to reduce the burden on FEMA by narrowing its request. Additionally, for the reasons outlined above, any burden on FEMA is significantly outweighed by the importance of this evidence to the litigation. Thus, FEMA's third reason also fails to justify its refusal to submit to the deposition.

In light of the foregoing, the Court finds that FEMA's decision declining to sit for the deposition was arbitrary and capricious. "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). In this case, FEMA has not offered a satisfactory explanation for its refusal to comply with the deposition subpoena. Accordingly, the Court grants the Motion to Compel and orders FEMA to comply with the deposition subpoena once it is amended by CMC.

## CONCLUSION

For the foregoing reasons, the Motion for Appeal of Magistrate Judge Decision is GRANTED. The decision of the Magistrate Judge is REVERSED, and the Motion to Compel is GRANTED. Counsel for C. Martin shall issue an amended notice of deposition specifically identifying which documents

C. Martin intends to discuss at the deposition. Any scheduling issues will be addressed at the status conference currently scheduled on July 7, 2014.

New Orleans, Louisiana, this 7th day of July, 2014.

_____
 **JANE TRICHE MILAZZO**
 **UNITED STATES DISTRICT JUDGE**

13