UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBYN WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 07–6592 |
| C MARTIN COMPANY INC, ET AL | SECTION "H"(1) |

### ORDER AND REASONS

Before the Court are three Motions *in limine* (Docs 317, 318 & 323).  For the following reasons, Defendants' Motion to Exclude evidence of SBA protest proceedings is DENIED; Defendants' Motion to Strike certain witnesses is GRANTED; and, Relator's Motion to Exclude evidence of FEMA settlement is GRANTED IN PART.

### BACKGROUND

Relator, Robyn Williams, filed this *qui tam* action on behalf of the United States to recover damages under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA").  Relator alleges Defendants,

1

Laura Craig ("Craig"), C. Martin Company, Inc. ("CMC"), Michael Jarvis ("Jarvis"), W. Ben Medley ("Medley"), and Medley Jarvis Industries, Inc. ("MJI") conspired to fraudulently induce the Federal Emergency Management Agency ("FEMA") to award several post-Katrina disaster recovery contracts to CMC.[1]  The Court has issued several prior orders detailing the facts underlying this action.  Familiarity with those orders is assumed and facts not directly relevant to the instant motions will not be repeated.

**LAW AND ANALYSIS**

Presently before the Court are three motions *in limine*.  Each motion will be addressed separately.

**I. Defendants' Motion to Exclude Evidence of SBA Protest Proceedings (Doc. 317)**

In May 2006, FEMA published a solicitation for bids on the GSM Contract.  Only firms which were primarily owned by a service-disabled-veteran ("SDV") were eligible to bid on the contract.  CMC submitted bids on the GSM contracts which included certifications that Laura Craig (the primary owner of CMC) was a SDV.  Relator claims that CMC's certification was false.

Laura Craig submitted an application to the Veterans Administration ("VA") in 2006 seeking a designation as a SDV.  On December 5, 2006, the VA denied Ms. Craig's application, finding that

---

[1] MJI, Medley and Jarvis were dismissed from this action on May 29, 2014.

2

her alleged lower back injury was not related to her military service. Ms. Craig appealed. Ms. Craig's appeal has been denied several times during the course of the VA appeals process, but the decision is not yet final.

FEMA published the solicitation for the GSM contract in May of 2006, shortly before Ms. Craig's application to the VA. After she filed her VA application, Ms. Craig exchanged several emails with the MJI Defendants in which she expressed concern about the propriety of applying for the GSM contract without a disability determination from the VA. As Ms. Craig recognized in her emails, if CMC were awarded the contract, it was possible that a losing bidder could protest the award. In the event of a protest, CMC would be required to submit proof of Ms. Craig's disabled status within 10 days or CMC would be deemed to not be owned by a SDV.

Ms. Craig's concerns turned out to be well-founded. Shortly after CMC was awarded the contract, the SBA learned that Ms. Craig's VA application had been denied. Accordingly, the SBA contested the contract award. During the course of the SBA protest proceedings, CMC conceded that it would not be able to produce a VA disability determination within the 10 day period. Accordingly, CMC conceded that it did not qualify as a SDV-owned small-business at that time. Notably, CMC did not concede that Ms. Craig was not a disabled veteran. Instead, CMC took the position that the VA decision was incorrect. However, CMC also admitted that it was ineligible to receive contracts designated for SDV-owned small-businesses until the decision was reversed by the VA.

The Director of the SBA's Office for Government Contracting initially adjudicated the protest at issue here. The Director issued three findings: (1) CMC did not qualify as a SDV-owned small-business; (2) CMC was not a small business; and, (3) Ms. Craig did not "control" CMC as that term was defined in the relevant SBA regulations. CMC appealed that decision, arguing that the second and third findings were not necessary to the decision and were incorrect. The appeal judge held a telephone conference during which he inquired whether the SBA would be willing to revise its decision to eliminate the contested findings since the uncontested finding was enough to sustain the decision on its own. The SBA agreed and issued a revised decision limited to the finding that CMC did not qualify as a SDV-owned business. Defendants now move to exclude any evidence of the protest proceeding on the grounds that it constitutes inadmissible evidence of settlement negotiations in violation of Federal Rule of Evidence 408.

Rule 408 provides that evidence of "conduct or a statement made during compromise negotiations about [a] claim" is not admissible to prove the validity of that claim. The Fifth Circuit has held that Rule 408 "protects only conduct or statements made in compromise negotiations regarding a claim that was disputed as to validity or amount." *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010). "[T]he question under the rule is whether the statements or conduct were intended to be part of the negotiations toward compromise." *Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981). "Litigation does not need to have commenced for Rule 408 to apply, but there must be an actual dispute or a difference of opinion."

4

*MCI Commc'ns Servs., Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011).  CMC contends that its interactions with the SBA appeal judge constitute statements made during settlement negotiations and that Relator intends to use those statements in order to prove the validity of her claim.  The Court disagrees.

    First, the Court does not find that CMC's interactions with the appeal judge constitute settlement negotiations.  CMC conceded to the appeal judge that the VA had not issued a determination that Ms. Craig qualified as a SDV.  It now argues that it made this disclosure in order to settle the appeal, however that is not accurate.  Rather, CMC's initial response to the SBA protest admitted that it lacked the appropriate documentation.  Thus, CMC cannot now argue that it made this concession only in order to facilitate settlement of the appeal.  Furthermore, there is no evidence that there was ever an actual dispute or difference of opinion regarding the fact that CMC lacked the appropriate VA documentation.

    Additionally, Relator is not offering the evidence of the protest proceedings in order to prove the validity of her claim that CMC falsely certified that Ms. Craig was a SDV.  The SBA lacked the power to determine whether Ms. Craig qualified as a SDV, instead its inquiry was limited to the single factual question of whether Ms. Craig could produce the appropriate documentation from the VA within 10 days of the protest.  Therefore, Relator will not be permitted to argue that CMC made any concession or that the SBA made any determination as to Ms. Craig's status as a SDV.  However, Relator will be permitted to introduce the evidence of the SBA proceeding in order to

demonstrate that CMC's bid was challenged, Ms. Craig could not produce the required documentation in accordance with the regulations, and the contract was revoked on those grounds.

## II. Defendants' Motion to Strike Witnesses (Doc. 318)

Defendants move to strike three of Relator's witnesses—Carol Davis, Mark Jones and Barbara Ivory—because Relator did not disclose these witnesses until December 20, 2013. Discovery in this matter closed on December 31, 2013. Relator has not offered any substantial justification for her failure to disclose the existence of these witnesses until the close of discovery. Additionally, unlike every other witness named in her witness list, Relator was unable to identify the subject matter of the challenged witnesses testimony. Accordingly, the Court finds that the witnesses were not timely identified, and they will not be permitted to testify at trial.

## III. Relator's Motion to Exclude Evidence of FEMA Settlement (Doc. 323)

One of Relator's claims is that CMC fraudulently induced FEMA to award CMC the MD Contract. The MD Contract was awarded to CMC in 2006, and CMC completed performance on that contract sometime after the instant suit was filed. While this suit was pending, CMC filed an administrative claim with FEMA. In the administrative proceeding, CMC claimed that FEMA owed it additional amounts under the contract. The administrative proceeding was eventually settled. Pursuant to the settlement agreement, FEMA made a payment to CMC and CMC dismissed the administrative claim. Relator filed the instant Motion *in limine* after CMC represented that it

planned to use evidence of the FEMA settlement in this lawsuit. Relator claims that the FEMA settlement is irrelevant.

CMC's first argument is that the settlement agreement is relevant to its defense of this action. Specifically, CMC claims that the settlement agreement will support CMC's assertion of the so-called "government knowledge defense." The Fifth Circuit has explained that the government knowledge defense is not a complete defense to liability under the FCA. *United States v. Southland Mgmt. Corp.*, 288 F.3d 665, 686 (5th Cir. 2002). Instead, evidence that the government knew the claim was false *when it was submitted* may, in some circumstances, weigh against a finding that a defendant submitted a claim with knowledge of its falsity.[2] *Id*. However, the government's knowledge of the falsity of a claim is not a complete defense to liability. *Id*.

It is important to note that *Southland* involved a FCA case brought by the government. In *Southland*, the Court noted that it was not deciding whether the defense was available in a *qui tam* action. *Id*. at n. 24. It does not appear that the Fifth Circuit has yet addressed this question. However, it is not necessary for the Court to resolve this issue today because, even assuming the availability of the defense in this action, the FEMA settlement is not relevant. At the heart of the government knowledge defense is the principle that a defendant may be relieved of liability if the government knew that the claim was false when it was submitted. CMC intends to offer the

---

[2] One element of an FCA claim is that, when the claim was submitted, the defendant had actual knowledge that the claim was false, or acted with a deliberate indifference to the truth of the claim. 31 U.S.C. § 3729.

7

settlement agreement as evidence that FEMA paid it for work done on a contract despite the fact that FEMA was aware of allegations that CMC had procured the contract by fraud.  However, the fact that FEMA choose to settle an administrative claim in 2013 has no bearing on whether FEMA knew that CMC's bid was false *when it was submitted* in 2006.  Accordingly, the settlement agreement is not relevant to the government knowledge defense.

CMC also argues that evidence of the settlement may be relevant to show that the government does not believe Relator's claim has merit.  According to CMC, FEMA would not have agreed to settle the administrative dispute if it actually believed that CMC had procured the contract through fraud.  However, this argument ignores the very purpose of settlements. Parties enter into settlement agreements for a variety of reasons, some of which have little or nothing to do with the merits of the underlying action.  Any attempts by CMC to use the settlement agreement to argue that the government disbelieves Relator's claims will not be permitted.

However, the Court is not willing to exclude all evidence of the settlement.  The amount that CMC was paid is relevant to the calculation of damages.  Additionally, the amount that CMC was paid may fairly impact the valuation of the work CMC performed.  Therefore, CMC will be permitted to offer some evidence of the settlement for this limited purpose.  However, the parties will not be permitted to imply to the jury that FEMA's decision to settle the administrative claim has any bearing on any the merits of Relator's claim.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Exclude evidence of SBA protest proceedings is DENIED; Defendants' Motion to Strike certain witnesses is GRANTED; and, Relator's Motion to Exclude evidence of FEMA settlement is GRANTED IN PART.

New Orleans, Louisiana, this 10th day of July, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**